UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- X
AVGRAPHICS, INC., JEAN PIERRE  :
AZOULAY and DARIA MCDERMOTT,
                               :
        Plaintiffs,
                               :
    vs.                              07 CIV 8430 (DLC)
                               :     (ECF CASE)
NYSE GROUP, INC.,
(successor in interest to New York  :  **DEFENDANT E*TRADE SECURITIES**
Stock Exchange, Inc.) JOHN GREGORETTI,  **LLC'S MEMORANDUM OF LAW IN**
TONY WALENTY, SAM COCOZZA      :     **SUPPORT OF ITS MOTION TO**
MARGARET DeB. TUTWILER, JOHN         **DISMISS PLAINTIFFS' FIRST**
THAIN, individually and as employees of  :  **AMENDED COMPLAINT FOR LACK**
NYSE GROUP, INC., ANTHONY E.         **OF SUBJECT MATTER JURISDICTION**
WILSON, a/k/a TONY WILSON,     :
DANA GREGORETTI, and
E-TRADE SECURITIES, LLC,       :

        Defendants.            :
------------------------------------- X

Defendant E*TRADE Securities LLC ("E*TRADE") moves to dismiss this action for lack of subject matter jurisdiction. Plaintiffs' First Amended Complaint ("FAC") does not assert any federal claim, and Plaintiffs do not have complete diversity of citizenship.

## BACKGROUND

Plaintiffs Avgraphics, Inc. ("Avgraphics"), Jean Pierre Azoulay ("Azoulay") and Daria McDermott ("McDermott") (collectively, "Plaintiffs") filed their FAC on January 24, 2008. Plaintiffs asserts seven claims for relief, each based exclusively on state law.[1] The

---

[1] Plaintiffs allege six causes of action against Defendants NYSE Group, Inc., ("NYSE"), Dana Gregoretti, John Gregoretti, Tony Walenty, Sam Cocozza, Margaret DeB. Tutwiler, John Thain, and/or Anthony Wilson (collectively, the "Individual Defendants"): breach of contract, tortious interference with contract, conversion, intentional interference with contractual relationship, breach of good faith and fair dealing, and defamation. *See* FAC ¶¶ 66-80, 86-102.

following facts are taken from the FAC, which E*TRADE assumes to be true for the purposes of its motion.

*Each Of Plaintiffs' Causes Of Action Are Premised On State Law*. Plaintiffs' sole cause of action against E*TRADE is for the purported breach of fiduciary duties allegedly owed to Plaintiff Azoulay. See FAC ¶¶ 81-85; *see also id.* ¶¶ 51-52. Plaintiffs' other causes of action arise out of a contract certain Plaintiffs had with Defendant NYSE, and various actions allegedly taken by the NYSE and the Individual Defendants stemming from that contractual relationship. See FAC ¶¶ 66-80, 86-102. Although Plaintiffs asserted a claim under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §1961 *et seq.*, in their original complaint (filed September 28, 2007, Docket No. 1), Plaintiffs abandoned that claim in the FAC and otherwise do not allege any claim "arising under the Constitution, laws, or treatise of the United States." *See generally* FAC; *see also* 28 U.S.C. § 1331.

*Plaintiffs Each Share Citizenship With One Or More Defendants.* Plaintiffs allege that (1) Plaintiff Avgraphics was incorporated in *New Jersey* with its principal place of business in *New York*; (2) Plaintiff Azoulay is a resident of *New Jersey*; and (3) Plaintiff McDermott is a resident of *New York*. See FAC ¶¶ 6-8. Plaintiffs also allege that (1) Defendants NYSE and E*TRADE are each Delaware corporations with their principal places of business in *New York*; (2) Defendants Wilson, Cocozza, and Tutwiler are residents of *New York*; and (3) Defendants Walenty, Dana Gregoretti, and John Gregoretti are residents of *New Jersey*.[2] See FAC ¶¶ 9-17.

---

[2] Plaintiffs fail to state the residence of Defendant John Thain, stating only that "[p]ursuant to Article IV, Section 3, of the NYSE Constitution, as CEO, Thain is responsible for the administration and management of NYSE's affairs. Thain is also a member of the NYSE's Board of Directors." *See* FAC ¶ 16.

**ARGUMENT**

This Court should dismiss Plaintiffs' FAC against E*TRADE because this Court plainly lacks subject matter jurisdiction. Plaintiff bears the burden of establishing subject matter jurisdiction, and a district court must presume a lack of jurisdiction until plaintiff proves otherwise. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Here, Plaintiffs purport to rely on federal question jurisdiction, diversity jurisdiction, and supplemental jurisdiction to establish this Court's subject matter jurisdiction. *See* FAC ¶¶ 2-3. Plaintiffs do not carry their burden on any of these grounds for jurisdiction.

**I.    PLAINTIFFS DO NOT ALLEGE A FEDERAL QUESTION**

Plaintiffs assert that "[t]his Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C §1331, in that certain of the Plaintiffs' claims arise under the laws of the United States . . . ." *See* FAC ¶ 3; *see also id.* ¶ 2. Plaintiffs are wrong. Section 1331 requires that there be a "substantial" question of federal law involved and that the federal question appear in a "well-pleaded complaint." *Holmes Group., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 (2002). A review of Plaintiffs' FAC establishes that there is no question of federal law involved. Each of the FAC's seven counts assert state-law claims; none has any relation whatsoever to any federal right, and does not rely in any way upon resolution of a substantial federal question. Federal question jurisdiction does not exist. *Id*; 28 U.S.C. § 1331.

**II.   THIS COURT DOES NOT HAVE DIVERSITY JURISDICTION BECAUSE PLAINTIFFS CANNOT ESTABLISH COMPLETE DIVERSITY**

Federal court diversity jurisdiction requires complete diversity, *i.e.* there is no plaintiff and no defendant who are citizens of the same State. *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 388 (1998). The requirements for diversity must be met for each

defendant, or the entire case must be dismissed. *See, eg.*, *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-75 (1978).

Plaintiffs wrongly allege diversity jurisdiction here. FAC ¶ 2. The FAC on its face establishes that Plaintiffs each share citizenship with one or more of the Defendants. The FAC states that Plaintiffs Azoulay and Avgraphics and Defendants E*TRADE, NYSE, Wilson, Cocozza, and Tutwiler are each citizens of New York. *See* FAC ¶¶ 6-7, 9-10, 14-15, 17. The FAC further provides that Plaintiffs McDermott and Avgraphics[3] and Defendants Walenty, Dana Gregoretti, and John Gregoretti are each citizens of New Jersey. *See id.* ¶¶ 6, 8, 11-13. Because complete diversity does not exist, this Court may not exercise federal diversity jurisdiction over this action. *See Owen Equip. & Erection,* 437 U.S. at 377; 28 U.S.C. § 1332.[4]

### III. THIS COURT SHOULD NOT EXERCISE SUPPLEMENTAL JURISDICTION OVER THIS ACTION

Finally, Plaintiffs incorrectly assert that this Court has "supplemental jurisdiction over the remainder of Plaintiffs' state law claims in this action, pursuant to 28 U.S.C. §1367." *See* FAC ¶ 2. Where a plaintiff asserts no claims over which a district court has original jurisdiction, that court has no basis for exercising its supplemental jurisdiction pursuant to 28 U.S.C. §1367(a). *See, e.g.*, *In re Joint Eastern and Southern Dist. Asbestos Litig.*, 14 F.3d 726, 730 n.2 (2d Cir. 1993). Because Plaintiffs assert no claims over which this Court has original jurisdiction, this Court may not exercise supplemental jurisdiction over this matter.

---

[3]    A corporation has dual citizenship — it is a citizen of any state in which it is incorporated and the state where it has its principal place of business. 28 U.S.C. §1332(c)(1). Accordingly, Plaintiff Avgraphics is a citizen of both New Jersey and New York because Plaintiffs allege that Avgraphics "is a New Jersey corporation having its principal place of business . . . [in] New York." *See* FAC ¶ 6.

[4]    This Court lacks subject matter jurisdiction over Plaintiffs' claims against E*TRADE for a wholly separate reason; such claims are covered by a binding arbitration agreement. *See, e.g.*, 9 U.S.C. §§ 3-4; *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) ("A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it."). E*TRADE reserves its right to file a motion to compel arbitration if the Court finds that the allegations in the FAC support the Court's exercise of subject matter jurisdiction.

## CONCLUSION

For the reasons set forth above, this Court should grant E*TRADE's motion and dismiss the FAC against E*TRADE.

Dated: February 26, 2008

Respectfully submitted,

COOLEY GODWARD KRONISH LLP

By: /s/ Douglas P. Lobel
Douglas P. Lobel (DL-3894)
One Freedom Square / Reston Town Center
11951 Freedom Drive
Reston, VA  20190-5656
(703) 456-8000

Attorneys for Defendant E*TRADE Securities LLC